NOT FOR PUBLICATION (Doc. No. 17)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
GREGORY LASKY,                       :
                                     :
            Plaintiff,               :      Civil No. 09-5624 (RBK/JS)
                                     :
      v.                             :      **OPINION**
                                     :
MOORESTOWN TOWNSHIP,                 :
                                     :
            Defendant.               :
_____ :

**KUGLER**, United States District Judge:

This is a public accommodations dispute. Plaintiff Gregory Lasky ("Plaintiff") is a paraplegic who claims that Defendant Moorestown Township ("the Township") does not provide proper access to its public library, town hall, sidewalks, and streets. Plaintiff asserts claims under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 *et seq.* ("NJLAD"). Before the Court is Plaintiff's motion for partial summary judgment with regard to liability for its ADA and NJLAD claims. For the reasons discussed below, the Court denies Plaintiff's motion.

**I.    BACKGROUND**

Plaintiff filed the Complaint in August 2009. He claims that during his visits to Moorestown he has difficulty accessing places of public accommodation. Specifically, Plaintiff claims that his "ability to use the downtown [is] greatly impaired because of very steep slopes and cross slopes and lack of level landings at the top of curb cuts." *Id.* ¶ 16. According to Plaintiff, "it is dangerous for [him] to travel these curb cuts because they unbalance and top my

wheelchair." *Id.* ¶ 17. Plaintiff claims that the library does not provide adequate or safe access for wheelchairs and that the men's restroom in the library is not wheelchair accessible. *Id.* ¶¶ 22-23. Plaintiff also claims that the town hall is not wheelchair accessible. *Id.* ¶ 24. Plaintiff asserts claims under the ADA and the NJLAD. Plaintiff seeks injunctive relief, damages, and attorneys' fees and costs.

Plaintiff now moves for summary judgment as to liability. The Township argues that it would be an undue burden to accommodate the Plaintiff's disabilities, and that the Township is not the owner of certain properties at issue in this lawsuit.

## II.     LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations regarding witness testimony. *Sunoco, Inc. v. MX Wholesale Fuel Corp.*, 565 F. Supp. 2d 572, 575 (D.N.J. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

However, to defeat a motion for summary judgment, the nonmoving party must present competent evidence that would be admissible at trial. *See Stelwagon Mfg. Co. v. Tarmac Roofing Sys.*, 63 F.3d 1267, 1275 n.17 (3d Cir. 1995). The nonmoving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions [or] conclusory allegations or suspicions" to establish the existence of a genuine issue of material

fact. *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982) (citation omitted); *see* Fed. R. Civ. P. 56(e). "A party's failure to make a showing that is 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' mandates the entry of summary judgment." *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 857-58 (3d Cir. 2000) (quoting *Celotex Corp.*, 477 U.S. at 322).

### III. DISCUSSION

#### A. Americans with Disabilities Act

Congress enacted the ADA in 1990 with the purpose of providing "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b). The ADA focuses on discrimination against disabled individuals in three areas: employment, public services, and public accommodations. Plaintiff here brings suit under Title II, which prohibits discrimination by public entities. Title II of the ADA generally makes it unlawful to discriminate in the provision of public services against individuals with disabilities. *See* 42 U.S.C. § 12131-12134. Pursuant to Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. The regulations further provide explicit standards and technical specifications for new construction and modifications to existing structures in the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities ("ADAAG"). 28 C.F.R. pt. 36 app. A.

In order to prove liability, Plaintiff has the burden to prove that necessary modifications for compliance with the ADA are readily achievable. Under the burden-shifting test set out in *Borkowski v Valley Central School District*, 63 F.3d 131 (2d Cir. 1995), to set out a prima facie case under the ADA, the Plaintiff must "suggest the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits." *Pascuiti v. New York Yankees*, 87 F. Supp. 2d. 221, 224 (S.D.N.Y. 1999). The defendant then has the burden of persuasion as to whether the plaintiff's proposed accommodation is unreasonable or poses an undue hardship. *See id.*

Plaintiff alleges that various structural and architectural features in Moorestown create barriers to the access of disabled individuals to the facility and thus constitute discrimination under the ADA. Plaintiff specifies three aspects of the premises that they allege are in violation of 28 C.F.R. § 36 and the ADAAG. These deficiencies include: the curb cuts on the intersection at Main Street and Chester Avenue in downtown Moorestown; the sidewalks, parking spaces, and bathroom of Moorestown Library; and the access ramp to Moorestown Township Hall. Pl. Statement of Undisputed Facts ¶¶ 26-44. Defendants do not dispute that Plaintiff is an individual with disabilities under the ADA, or that the Town Hall, Library, and curb cuts are places of public accommodation for the purposes of 42 U.S.C. § 12182(a).

The standard for ADA compliance differs with respect to accessibility of new construction and existing facilities. Facilities built or altered after 1992 require compliance with specific architectural standards set out in 28 C.F.R. 35.151. *Tennessee v. Lane*, 541 U.S. 509, 532 (2004). But for "older facilities, for which structural change is likely to be more difficult, a public entity may comply with Title II by adopting a variety of less costly measures, including

relocating services to alternative, accessible sites and assigning aides to assist persons with disabilities in accessing services." *Id.* (citing 28 C.F.R. § 35.150(b)(1)).

The Township does not challenge Plaintiff's allegations regarding the structural and architectural conditions on Defendant's property. Thus, the Court concludes that these structural and architectural conditions contravene the specifications of the Code of Federal Regulations and the ADAAG. However, defendants raise several material issues of fact that are sufficient to defeat Plaintiff's motion for summary judgment.

First, the Township raises an issue of material fact regarding ownership of the allegedly violative curb cuts. It is not disputed that the curb cuts are new construction and are therefore required to be strictly compliant with architectural standards. However, the Township asserts that "[t]he sidewalks and curb cuts abutting [the entirety of Chester Avenue and the entirety of Church Street] are . . . within the exclusive and ownership and control of Burlington County." Aff. of Christopher J. Schultz ¶ 4. Since the ownership of these curb cuts is in question, summary judgment as to the liability of the Township for these curb cuts must be denied.

Second, the Township raises an issue of material fact regarding liability for its existing Town Hall and Library facilities. While the Township admits that its Town Hall and Library facilities are not ADAAG compliant, Plaintiff also recognizes that the same facilities qualify as existing facilities and are therefore not required to be strictly compliant with the architectural standards. Plaintiff's expert report provides estimates for the cost of remedying alleged code deviations. However, Plaintiff does not make the requisite showings regarding plausibility or benefit to establish a prima facie violation of the ADA. *See Pascuiti*, 87 F. Supp. 2d. at 224. Moreover, the Township asserts that it is complying with Title II because it is in the process of

actively relocating its Town Hall and Library services to alternative, accessible sites.[1] Specifically, the Township asserts that it is in the process of rebuilding ADAAG-compliant facilities that will be fully accessible by individuals with disabilities. The Township Hall offices were relocated following a fire in the summer of 2007, which rendered the location uninhabitable. Aff. of Christopher J. Schultz ¶ 7. The current location of the Township Hall is in private office space leased from a commercial landowner. *See id.* ¶ 8. The Township also asserts that it is in the process of planning the construction of a new, ADAAG-compliant "Municipal Complex, which will include, among other things, a new library [and] a new Town Hall." *Id.* ¶ 10. The Township Manager and ADA Coordinator for the Township reports that the Town Council is in active discussions with the Advisory Group established for the construction project regarding the final project's timeline. *See id.* Because the Township has raised an issue of material fact regarding the question of whether its facilities are compliant with Title II, Plaintiff's summary judgment motion must be denied.

   **B.  NJLAD**

Plaintiff argues that it is entitled to partial summary judgment with regard to liability for the Township's failure to make the above-specified areas of public accommodation generally accessible to disabled persons. The NJLAD prohibits discrimination against the disabled. N.J. Stat. Ann. § 10:5-4; N.J. Stat. Ann. § 10:5-12; *see Estate of Nicolas v. Ocean Plaza Condominium Ass'n, Inc.*, 909 A.2d 1144, 1154-55 (N.J. Super. Ct. App. Div. 2006) (holding that NJLAD provides a cause of action for disability discrimination). A place of public accommodation discriminates against the disabled and is liable under the NJLAD if it fails to

---

[1] Pursuant to 28 C.F.R. § 35.150, a public entity may comply with the requirements of the ADA via "construction of new facilities." *Id.* § 35.150(b)(1). The regulations do not address a specific time period in which the construction of the new facilities must be completed, but merely state that structural changes in facilities must be completed "as expeditiously as possible." *Id.* § 35.150(c).

reasonably accommodate the disabled by providing suitable accesses to its services and facilities. *See Franek v. Tomahawk Lake Resort*, 754 A.2d 1237, 1243 (N.J. Super. Ct. App. Div. 2000) ("It is unquestionably a violation of the LAD for the owner or operator of a public accommodation to tell a person, either directly or indirectly, that his or her patronage is not welcome because of a trait or condition which the LAD protects from discriminatory action, even though use of the facility on the particular occasion is not denied."); *D.I.A.L., Inc. v. New Jersey Dept. of Comm. Affairs*, 254 N.J. Super. 426, 439 (N.J. Super. Ct. App. Div. 1992) ("The LAD is intended to provide the handicapped full and equal access to society, limited only by physical limitations they cannot overcome.").

Plaintiff asserts that the NJLAD imposes an affirmative obligation on places of public accommodation to provide access to the disabled. Plaintiff interprets that obligation to mean that a disabled person should prevail whenever a facility is structurally inaccessible even if the defendant is actively taking steps to provide access to the disabled. Plaintiff's argument is overstated because it presumes that a place of public accommodation commits a per se violation of the NJLAD if it does not comply with building codes related to disabled access. That is not the law. A facility discriminates against the disabled in violation of the NJLAD if it fails to provide facilities and services that reasonably accommodate the disabled. *See Franek*, 754 A.2d at 1243.

Noncompliance with building codes may be evidence of disability discrimination, but it is not necessarily determinative. *See id.* at 1242. To be sure, structural alterations may be necessary in order to reasonably accommodate the disabled. *See generally D.I.A.L., Inc. v. New Jersey Dept. of Comm. Affairs*, 426; 603 A.2d 967, 970 (N.J. Super. Ct. App. Div. 1992) (noting that New Jersey's Handicapped Access Law, N.J. Stat. Ann. § 52:32-4, "requires that all plans

and specifications for the construction of any public building must provide facilities for the physically handicapped, to the extent deemed feasible by the contracting authority").

However, facilities can also fulfill their accessibility obligations by providing appropriate non-structural accommodations. *See Estate of Nicolas v. Ocean Plaza Condominium Ass'n, Inc.*, 909 A.2d 1144, 1154 (N.J. Super. Ct. App. Div. 2006) ("a duty to provide a reasonable accommodation for a resident with a disability does not necessarily entail the obligation to do everything possible to accommodate such a person."). They can, for example, assign "aides to assist persons with disabilities in accessing services." *See* 28 C.F.R. § 35.150(b)(1) (describing suitable accommodations under the ADA). If a facility provides adequate non-structural accommodations, it may satisfy its accessibility obligations under the NJLAD. *See Estate of Nicolas*, 909 A.2d at 1153 ("We are convinced that a violation of [the NJLAD], evidenced by a violation of an administrative regulation adopted by the Department of Community Affairs . . . , provides a cause of action for a disabled person when a condominium association fails to provide him or her with a reasonable accommodation."). Additionally, facilities may not be able to accommodate all disabilities in the same manner. A facility may satisfy its accessibility obligations for one individual through structural modifications, but it may reasonably accommodate another individual with a different disability through non-structural accommodations. *See id.* at 1154 (stating that the NJLAD requires a "fact-sensitive evaluation" to determine whether the defendant "failed to reasonably accommodate plaintiff's disability").

It follows, therefore, that the NJLAD contemplates that defendants must have a meaningful opportunity to provide disabled patrons with reasonable accommodations. *See Lasky v. Borough of Hightstown*, L-216-09, Transcript of Oral Argument and Ruling, at *27-29 (N.J. Super. Ct. L. Div. April 1, 2011). As noted above, the Township has asserted that they are

seeking to provide accessible facilities by actively planning the reconstruction of a Municipal Complex that will include an ADAAG-compliant Town Hall and Library. *See* discussion *supra* Part III.A. In the meantime, the Township asserts that it is able to provide non-structural accommodations upon request to individuals with disabilities. Def.'s Br. at 13. Plaintiff asserts that he requested assistance from clerks at the library and city hall regarding his difficulty accessing the facilities.[2] However, Plaintiff's simple assertion that on one occasion he was unable to obtain necessary assistance is not alone sufficient to establish a prima facie showing under *Pascuiti* that the Township is unable to provide non-structural accommodations to individuals with disabilities. In particular, Plaintiff does not suggest a plausible non-structural accommodation scheme for the library and city hall, the costs of which would not exceed its benefits, that is required to establish a prima facie violation of the ADA. *See Pascuiti*, 87 F. Supp. 2d. at 224. Therefore, an issue of material fact has been successfully raised by the Township, which defeats Plaintiff's motion for partial summary judgment.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion for partial summary judgment with regard to liability is denied. An appropriate Order shall enter.

Dated: 10/14/2011                                              /s/ Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge

---

[2] Plaintiff testified that he spoke with a clerk at the library regarding the library's access problems. Lasky Dep. 68:15-7. According to Plaintiff, she did not offer to provide assistance and responded with an "I-just-work-here" sort of attitude. *Id.* 27:10-11. Plaintiff also spoke to a clerk at the city hall regarding his difficulty accessing City Hall and navigating the city. *Id.* 54:2-17; 69:5-17. The clerk did not offer to assist Plaintiff with his accessibly concerns. *Id.*