NOT FOR PUBLICATION                                                         (Doc. No. 105)


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
GREGORY LASKY,                      :
                                    :
              Plaintiff,            :    Civil No. 09-05624 (RBK/JS)
                                    :
       v.                           :    **OPINION**
                                    :
MOORESTOWN TOWNSHIP,                :
                                    :
              Defendant.            :
_____ :

    This matter comes before the Court on Plaintiff Gregory Lasky's ("Plaintiff") motion for attorney's fees. Plaintiff negotiated a settlement agreement with Moorestown Township ("Defendant"), which, for the purposes of the ADA, deems him a "prevailing party" and allows the Court to award attorney's fees and costs. Defendant does not oppose Plaintiff's motion in its entirety, but rather challenges specific portions such as Plaintiff's suggested hourly rate, the hours billed, and other costs. The Court will address the hours billed and costs, as well as Plaintiff's request for sanctions in this Opinion. However, since the parties dispute the reasonable rate to which Plaintiff is entitled, the Court will hold an evidentiary hearing on April 17, 2013 to determine the appropriate hourly rate. For this reason, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

    **I.    BACKGROUND**

    Plaintiff, a paraplegic, originally filed a complaint in the Burlington County Superior Court, Law Division, claiming that Defendant did not provide proper access to its public library,

town hall, sidewalks, and streets. On November 5, 2009, Defendant removed the action to federal court. After months of litigation and on the eve of trial, the parties negotiated a settlement agreement. The Court signed a consent order on May 31, 2012, stating that if "the parties are unable to resolve plaintiff's demands for counsel fees and costs, the plaintiff shall have 45 days from the entry of this Order within which to file a formal motion for an award of counsel fees and costs." (Doc. No. 105). On July 13, 2012, Plaintiff filed the instant motion.

## II.   DISCUSSION

Title V of the Americans with Disabilities Act (ADA) provides that a court may, within its discretion, allow a "prevailing party" in an ADA enforcement action to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C.A. § 12205. There is no dispute that Plaintiff is a "prevailing party" within the meaning of the statute. See Truesdell v. Philadelphia Housing Authority, 290 F.3d 159 (3d Cir. 2002).

When calculating an attorney's fee award under the ADA, the "lodestar" method provides the starting point for determining reasonable attorney's fees. Lanni v. New Jersey, 259 F.3d 146, 149 (3d Cir. 2001). The lodestar is calculated by multiplying a reasonable hourly rate by the number of hours the moving counsel reasonably billed for the litigation. Id. A district court may discount any hours that it deems unreasonable, including those considered to be "excessive, redundant, or otherwise unnecessary." See Hensley et al. v. Eckerhart et al., 461 U.S. 424, 433 (1983). Although the Court has substantial discretion to determine what constitutes a reasonable rate and reasonable hours, once the lodestar is determined, it represents the presumptive reasonable fee. Lanni, 259 F.3d at 149. Following a determination of the lodestar, either party may seek adjustment. Id.

Plaintiff moves the Court to award $380,468.21 in attorney's fees and costs based on counsel's work in this matter. Specifically, Plaintiff s counsel proposes that the Court accept $450.00 as the reasonable hourly rate and award payment for 554 hours of work, resulting in a lodestar amount of $249,300.00. Pl. Ex. 20 at 26. Plaintiff also seeks other litigation-related costs, 50% enhancement of the lodestar based on Defendant's alleged "fraud on the Court," and for the Court to impose sanctions. Defendant challenges Plaintiff's requested hourly rate and contests specific entries in Plaintiff's counsel's hour log. Defendant also seeks a 75% reduction of the lodestar based on Plaintiff's "limited success" and to account for the NJLAD claim Plaintiff voluntarily dismissed before the parties settled.

Although the Court cannot determine the total award because the parties dispute the reasonable hourly rate, the Court will address each portion of Plaintiff's request to guide the parties in anticipation of the evidentiary hearing.

*1.  Hourly Rate*

Plaintiff's counsel requests a billable rate of $450.00 per hour, arguing that this rate properly accounts for his experience, skill, and the difficulty of this particular case. Plaintiff's counsel has been a practicing member of the Bar for the State of New Jersey since 1984. To demonstrate his skill and experience, counsel identifies numerous cases in which he claims to have been "successful in establishing law" and notes the impenetrability of the ADA. Plaintiff supplements his motion with the affidavits of two Attorneys: Barry Weintraub, Esq. and John Fuller, Esq. ("Fuller"), who each state that they have reviewed materials from the case and believe that the case was very complicated.

In order to establish the market rate in the relevant legal community,[1] Plaintiff also includes affidavits by Robert A. Scirocco, Esq. ("Scirocco") and Richard E. Yaskin, Esq. ("Yaskin"). Scirocco states in his affidavit that he has specialized in civil rights as well as other areas of litigation and that he was recently awarded $450 under the fee shifting statute. He further states that "it is [his] understanding that $450 is a prevailing rate in the northern New Jersey area for attorneys of [his] background and experience." Scirocco Aff. at 2. Yaskin's affidavit explains that Yaskin's practice in Southern New Jersey focuses primarily on representing employees in employment rights disputes. Yaskin states that, in his opinion, the requested $450 hourly rate "is an appropriate rate for non-contingent matters brought to seek reasonable access to public facilities for disabled persons under the ADA and NJLAD."[2] Yaskin Aff. at 3.

Defendant argues that Plaintiff's counsel has not sufficiently established an hourly rate of $450 for this case. First, Defendant argues that just 19 months before submitting the instant motion, Plaintiff's counsel requested an hourly rate of $350 in a state court action based on his "unsubstantiated representations of prior fee awards in other cases." Def.'s Opp'n at 6. Defendant also questions why Plaintiff's counsel chose to rely on the affidavits of Scirocco and Yaskin to determine the market rate when Fuller is "an ADA specialist who has litigated extensively in New Jersey as pro hac vice counsel." Id. at 7. Defendant further notes that of the four attorney affidavits submitted, only that of Yaskin, who "has no experience litigating ADA

---

[1] "In an attorney's fee award, the proper hourly rate is determined by the community market rate rule. To wit, a reasonable hourly rate should be determined by examination of the prevailing market rates in the relevant community at the time of the fee petition, not the time the legal services were performed. L.J. ex rel. V.J. v. Audubon Bd. of Educ., 373 F. App'x 294, 296-97 (3d Cir. 2010) (citing Lanni v. New Jersey, 259 F.3d 146, 149 (3d Cir. 2001)).

[2] The Court notes that though an award of attorney's fees may reflect the risk of nonpayment under the NJLAD statute, awards under the ADA may not reflect this risk. Lanni, 259 F.3d at 149. Therefore, any consideration of whether the matter was contingent vs. non-contingent would be irrelevant to the Court's award.

disputes and does not purport to know the market rate for such work," actually expresses an opinion on the reasonableness of Plaintiff's counsel's requested rate. Id. at 8.

Because the parties dispute the reasonable market rate, the Court must hold an evidentiary hearing to determine the appropriate figure. see Lanni v. New Jersey, 259 F.3d 146, 149 (3d Cir. 2001) ("If reasonable market rates are in dispute, a hearing must be conducted"); but see Blum v. Witco Chem. Corp., 829 F.2d 367, 377 (3d Cir.1987) (failure to conduct an evidentiary hearing ... is not reversible error .... A hearing must be held only where the court cannot fairly decide disputed questions of fact without it."); Drelles v. Metro. Life Ins. Co., 90 F. App'x 587, 591 (3d Cir. 2004) (the District Court's failure to hold a hearing is not automatically reversible error, but rather must be evaluated under Blum).

2.     *Number of Hours Billed*

Plaintiff's counsel submitted a billing statement that itemizes 554.0 hours spent working on this case.[3] After receiving Defendant's opposition, Plaintiff's counsel agreed to deduct an additional 6.2 hours "in order not to create appealable issues."[4] Pl.'s Reply at 10. Therefore, the only remaining challenge to Plaintiff's requested number of hours is with respect to the number of hours billed to prepare Plaintiff's motion for attorney's fees.

From June 17, 2012 through July 13, 2012, Plaintiff billed a whopping 82.3[5] hours preparing the instant motion for attorney's fees. These hours are detailed in entries on the

---

[3] This figure already discounts two entries that amounted to 12.8 hours of work. Plaintiff did not seek payment for that time because he stated that they only related to the voluntarily dismissed LAD claim. See Pl.'s Ex. 20.

[4] Plaintiff actually agreed to deduct 6.1 hours but indicated that he agreed to most of Defendant's proposed changes, namely reducing the August 12, 2009 entry by .6 hours, eliminating the 3.7 hours billed on July 6, 2010, reducing the April 5, 2012 entry by .9 hours, and reducing the May 22, 2012 entry by 1 hour. According to the Court's calculation, this would reduce the billable hours by 6.2 hours, not 6.1. Therefore, the Court will presume that Plaintiff agrees to the additional .1 hour reduction.

[5] Defendant calculates the hours billed as 74.5 hours; however Defendant appears to have missed the July 10 entry of 7.8 hours.

following dates: June 17-19, July 4-8 and 10-13.  Defendant challenges this request and argues that the entry should be reduced by at least 50 hours.  Plaintiff's request for billable hours is excessive.  Plaintiff's counsel, by his own admission, has tried countless ADA-related cases and has likely made similar motions whenever his client was the prevailing party.  The more than 80 hours Plaintiff seeks payment for, which is roughly equivalent to two weeks of uninterrupted work, far exceed a reasonable number of hours to spend on this motion.  Therefore, the Court will accept Defendant's proposed reduction and deduct an additional 50 hours.  The resulting number of hours billed is 497.8 hours, which also accounts for the 6.2 hour reduction previously agreed to by Plaintiff.

    3.    *Adjusting the Lodestar*

Plaintiff's counsel also requests the Court to apply a 50% fee enhancement "due to the extraordinary circumstances of Defendant and Defendant's counsel committing a fraud upon the Court which delayed settlement."  Pl. Mot. at 31.  Plaintiff's counsel references excerpts of a transcript of the March 16, 2012 settlement conference before the Honorable Joel Schneider, United States Magistrate Judge for the District of New Jersey.  In the transcript, Judge Schneider criticizes Defendant's counsel for his lack of candor with the court.  In contrast, Defendant requests that the lodestar amount be reduced by 75% based on Plaintiff's "limited relief" and to account for time Plaintiff's counsel spent working on the voluntarily dismissed New Jersey Law against Discrimination ("NJLAD") claim.  Def.'s Opp'n at 23.

Once the lodestar has been determined, it is presumed to be the reasonable fee.  Lanni, 259 F.3d at 149; see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 130 S. Ct. 1662 (2010).  Though the lodestar method's yield represents the presumptive reasonable fee, a court may reduce or enhance the award under a limited set of circumstances.  A district court may enhance

a lodestar award only in "rare and exceptional circumstances."  Perdue, 130 S. Ct. at 1673.  The fee applicant bears the burden of proving the enhancement and must produce "specific evidence" to support the award.  Id.  The Supreme Court has also held that a district court may reduce the lodestar amount based on the plaintiff's partial or limited success.  Hensley v. Eckerhart, 461 U.S. 424 (1983).  In Hensley, the Supreme Court ruled that if the plaintiff has achieved only partial success, the lodestar amount may be unreasonable "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."  Id. at 436.  The district court necessarily has discretion in making this equitable judgment.  Id. at 437.

The Court finds no reason to depart from the lodestar in this case.  Plaintiff has not established that this case represents an exceptional circumstance in which upward departure from the lodestar would be justified.  Although Judge Schneider criticized Defendant and Defendant's counsel on the record, this criticism is not sufficient evidence of a "fraud on the Court," as Plaintiff suggests.  Neither will the Court reduce the lodestar for limited success or based on the voluntarily dismissed NJLAD claim.  Plaintiff's complaint sought relief because "Defendant's library, streets, and its curb cuts, sidewalks, and City Hall" did not provide "accessible parking or accessible routes, bathrooms, etc."  Compl. at 2.  In the settlement agreement, Defendant agreed to "repair and/or reconstruct the curb cuts" at various locations to "render them fully ADA-compliant."  (Doc. No. 101).  Defendant also agreed to make various adjustments to the Men's and Women's restrooms in the Moorestown Library within ninety days of the agreement.  Id. at 2.  Defendant argues that because the equitable relief Plaintiff ultimately received is quantitatively "less than one-fifth of what he demanded," the Court should reduce the lodestar to account for this limited success.

The Court declines to view Plaintiff's success so narrowly.  The fact that Plaintiff did not receive every line item requested in the litigation is endemic to the bargaining process in which parties engage while negotiating a settlement agreement.  In the complaint, Plaintiff sought equitable relief, damages, attorney's fees and costs for Defendant's alleged non-compliance with the ADA.  In the settlement agreement, Plaintiff received equitable relief, attorney's fees and costs for Defendant's alleged non-compliance with the ADA.  This is not the sort of "limited relief" that requires departure from the lodestar.  Similarly, the dismissed NJLAD claim is not a basis for reducing the lodestar.  Plaintiff's NJLAD and ADA claims were virtually identical.  Given this overlap, the work Plaintiff's counsel would have performed on the NJLAD claim "would likely have had equal value" for the ADA claim.  Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 195 Fed. Appx. 93, 98 (3d Cir. 2006) (district court affirmed because the two claims, though distinct, were "based on a common core of facts and the arguments were intertwined.")  Plaintiff's counsel already excluded two entries in which he concedes he did work that only related to the NJLAD claim.  The Court declines to discount the billable hours further.

   4.   *Costs*

Plaintiff's counsel also requests reimbursement for costs incurred as a result of the litigation.  These costs are detailed below:

| **Plaintiff's Request for Costs** | |
|---|---|
| Complaint | $200.00 |
| AT&T Telephone Conferences | $916.73 |
| Deposition Costs 12/3/11 | $605.75 |
| Court Transcripts | $368.85 |
| Sheriff's Service | $26.88 |
| Expert Fee for William Cody | $4,4000.00 |
| **Total** | **$6,518.21** |

Defendant does not challenge Plaintiff's counsel's entitlement to costs, and concedes that Plaintiff was required to pay the $200 filing fee and $26.88 fee for sheriff's service, but

challenges the remaining costs because Plaintiff failed to provide documentation to substantiate those claims. In reply, Plaintiff's counsel provided an invoice from William Cody charging $4,395.00 for services rendered. Plaintiff's counsel also indicated that the AT&T billing statement would be forthcoming. To date, Plaintiff's counsel has not submitted further documentation of the AT&T telephone conferences or of the deposition costs or court transcripts.

Under Local rule 54.1, "[c]ounsel shall append to the verified Bill of Costs copies of all invoices in support of the request for reach item. L.Civ.R. 54.1(a). Failure to submit copies of all invoices in support of a bill of costs may result in denial of costs. See Michael J. Benenson Assocs., Inc. v. Orthopedic Network of N.J., 54 F. App'x 33 (3d Cir. 2002) (affirming the district court's denial of all costs "in light of plaintiff's failure to comply with Local Civil Rule 54.1 by failing to provide invoice documentation of the items for which it sought reimbursement."). Because Plaintiff only provided an invoice for the expert fee and Defendant does not challenge the $226.88 in filing and service fees, the Court will award Plaintiff $4,621.88 in costs (the sum of the filing and service fees and the $4,395.00 fee for the expert). The Court denies the other requests for costs absent documentation of those expenses.

    5.    *Sanctions*

Finally, Plaintiff moves the Court to impose sanctions because "the actions of Defendant's counsel were an outrage and an attack upon the dignity of the disabled and the Court." Pl. Mot. at 31. Plaintiff cites to Perna v. Electronic Data Systems Corp., in which the court discussed whether the sanction of dismissal was appropriate after an attorney viewed and photocopied documents from opposing counsel's briefcase, without consent, while another attorney served as a "lookout." 916 F. Supp. 385 (D.N.J. 1995). Perna has little, if any, relevance to this case and Plaintiff has failed to make a showing to support sanctions. Though the Court obviously has the

"inherent power to protect [its] integrity and prevent abuse of the judicial process," this case does not present a situation in which such power need be exercised. Accordingly, Plaintiff's request for sanctions is denied.

### III.  CONCLUSION

The Court finds that Plaintiff is entitled to attorney's fees and costs as a "prevailing party" under the ADA. Because the parties dispute the hourly rate, however, the Court will hold an evidentiary hearing on April 17, 2013 at 10:00AM to resolve this question. At the evidentiary hearing, the Court will employ the following calculation to determine the award:

|  | Hourly Rate | Number of Hours Billed |  |
|---|---|---|---|
| Lodestar | $n$ | 497.8 | $ (497.8 x $n$ ) |
| Costs |  |  | $ 4,621.88 |
| Lodestar Adjustment |  |  | $ 0.00 |
|  |  | **TOTAL AWARD:** |  |

For the foregoing reasons, Plaintiff's motion for attorney's fees is DENIED WITHOUT PREJUDICE. An appropriate order shall issue today.

Dated: 3/22/2013

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge