NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| GREGORY LASKY, | : | |
| Plaintiff, | : | Civil No. 09-05624 (RBK/JS) |
| v. | : | **OPINION** |
| MOORESTOWN TOWNSHIP, | : | |
| Defendant. | : | |

This matter comes before the Court on its own motion to resolve Plaintiff Gregory Lasky's motion for attorney's fees.  On March 22, 2013, the Court issued an Opinion and Order acknowledging Plaintiff's counsel's entitlement to attorney's fees and detailing the calculation that the Court would later employ to determine the total award.  Because the parties disputed the appropriate hourly rate, the Court denied Plaintiff's motion without prejudice and scheduled a hearing to decide the rate.  On April 16, 2013, counsel for both parties appeared before the Court.  After having considered the parties' submissions and counsels' arguments expressed on the record at the hearing, the Court will award Plaintiff's counsel an hourly rate of $400.00.  Accordingly, Plaintiff is entitled to attorney's fees and costs in the amount of $203,741.88 in this matter.

I.     BACKGROUND[1]

Plaintiff's counsel requests a billable rate of $450.00 per hour, arguing that this rate properly accounts for his experience, expertise, and skill, as well as the difficulty of this particular case.  In both his moving papers and at oral argument, Plaintiff's counsel emphasized that he practices almost exclusively in ADA and related state law litigation for disability discrimination.  Noting that there are very few attorneys in the country, let alone southern New Jersey, that specialize in ADA practice, Plaintiff's counsel argues that attorneys specializing in employment discrimination provide an appropriate comparator.  To that effect, Plaintiff's counsel presented testimony by Richard Yaskin, an attorney who litigates primarily employment discrimination cases and who testified that $450.00 was a reasonable rate.  Plaintiff's counsel also testified as to his own competence and solicited testimony from Barry Weintraub, a Virginia attorney, to testify as to his good reputation among other attorneys.  After the hearing, Plaintiff's counsel submitted a retainer letter from a former client in which he stated that his normal billable rate was $450.00 per hour but that he would bill at a rate of $400 "per professional courtesy and [the client's] past assistance of the disabled."

In opposition, Defendant argues that Plaintiff's counsel has not established that he is entitled to $450.00 per hour.  Instead, Defendant suggests that Plaintiff's counsel receive an award in the $300 range.  In support of this rate, Defendant points only to the magistrate judge's report and recommendation in Access 4 All, Inc. v. Boardwalk Regency Corp., 2012 WL 3627775 (June 28, 2012), an ADA case filed in the Camden vicinage of the District of New Jersey.  In that report, the magistrate judge awarded $360.00 to the plaintiff's attorneys, which the defendants conceded was a reasonable rate.

---

[1] The Court already addressed the background of this case and calculated the award for attorney's fees and costs in the March 22, 2013 Opinion.  Therefore, this Opinion will solely address the considerations that now aid the Court in determining Plaintiff's counsel's hourly rate.

**II.     DISCUSSION**

The Court will decline to award Plaintiff's counsel the requested hourly rate of $450.00. Plaintiff failed to carry the burden of establishing that the rate is reasonable in light of the prevailing market rates in the relevant legal community.  See L.J. ex. rel. V.J. b. Audobon Bd. Of Educ., 373 F. App'x 294, 296-97 (3d Cir. 2010) (citing Lanni v. New Jersey, 259 F.3d 146, 149 (3d Cir. 2001)) ("In an attorney's fee award, the proper hourly rate is determined by the community market rate rule.")

The Court will similarly reject Defendant's suggestion to award Plaintiff's counsel a rate "somewhere in the $300 range."  Defendant did not provide any evidence of a more reasonable figure and merely alerted the Court of the magistrate judge's report and recommendation in Access 4 All.  Although the magistrate judge determined that $375 was an unreasonable rate for the plaintiff's attorneys in that case, Plaintiff's counsel has distinguished himself because he exclusively handles ADA and related state law matters in courts around the country.  For this reason, it is difficult to determine the relevant legal community—because New Jersey does not provide an appropriate analogue—and to determine a prevailing market rate.  Thus, the Court finds that Access 4 All is inapposite and does not assist the Court in determining a reasonable hourly rate.

Accounting for the relatively unique nature of Plaintiff's counsel's practice, his years of experience, skill, and expertise, and the testimony and other evidence presented by Plaintiff's counsel, the Court will award Plaintiff's counsel an hourly billable rate of $400.00.  Although Plaintiff's counsel later provided a retainer letter stating that his hourly rate is $450.00, the client to whom the letter was addressed was actually charged $400.00.  This was the only evidence submitted by Plaintiff's counsel of his own regular rates.  In fact, at the hearing Plaintiff's

counsel testified that he does not generally list a rate in his contingent ADA and other disability discrimination matters. Given the lack of comparators nationwide and Plaintiff's counsel's actual rate as substantiated by the submitted retainer letter, the Court finds that $400.00 is a reasonable rate in this case. Returning to the calculation outlined below from the Court's March 22, 2013 Opinion, Plaintiff is entitled to $203,741.88 in attorney's fees and costs.

|  | Hourly Rate | Number of Hours Billed |  |
|---|---|---|---|
| Lodestar | 400 | 497.8 | $ 199,120 |
| Costs |  |  | $ 4,621.88 |
| Lodestar Adjustment |  |  | $ 0.00 |
|  |  | **TOTAL AWARD:** | $203,741.88 |

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees is GRANTED. Plaintiff is awarded $203,741.88 in attorney's fees and costs. An appropriate order shall issue today.


Dated: 4/29/2013

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge